**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PETER EDWARDS,
<u>Plaintiff-Appellant,</u>

v.

GEICO,
<u>Defendant-Appellee,</u>

and

MARYLAND AUTOMOBILE INSURANCE
FUND,
<u>Defendant,</u>

No. 97-1437

v.

TYRONE SUMPTER; CURTIS DWORKEN
CHEVROLET, INCORPORATED,
<u>Third Party Defendants.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-95-2411-MJG)

Argued: October 3, 1997

Decided: July 9, 1998

Before MURNAGHAN and WILKINS, Circuit Judges, and
MAGILL, Senior Circuit Judge of the United States
Court of Appeals for the Eighth Circuit,
sitting by designation.

_____

Reversed and remanded by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Patrick Joseph Christmas, Washington, D.C., for Appellant. Wade John Gallagher, MARTELL, DONNELLY, GRIMALDI & GALLAGHER, Rockville, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Peter Edwards brought this action against the Government Employees Insurance Company (GEICO) and the Maryland Automobile Insurance Fund, seeking to prove their liability for injuries he suffered when struck by an allegedly uninsured motorist. Edwards appeals the decision of the district court granting summary judgment to GEICO, arguing that GEICO's policy provided coverage because Edwards was both "using" and "occupying" the GEICO-insured vehicle at the time of the accident. We reverse and remand for further proceedings.

I.

The facts of this matter are largely undisputed. This action arises out of an insurance policy issued by GEICO on a vehicle owned by Terry Presmont. In July 1993, Presmont requested Edwards' assistance in repairing a flat tire on the insured automobile. Edwards drove to Presmont's residence and obtained the keys to her automobile, which was parked on the street. Edwards' intention was to replace the flat tire with a spare and drive the vehicle to a nearby service station. While Edwards was attempting to change the tire, using tools he had obtained from the trunk of the vehicle, he was struck by an uninsured motorist and suffered significant injuries.

Edwards subsequently brought this action alleging, inter alia, that he was an "insured" under the policy issued to Presmont by GEICO

2

and entitled to uninsured motorist coverage. GEICO denied liability. On cross motions for summary judgment, the district court ruled in favor of GEICO, concluding that Edwards was not covered by the GEICO policy because he was neither "using" nor "occupying" Presmont's vehicle at the time of the accident.

II.

The parties agree that Virginia law governs this diversity action. Under Virginia statutory law pertaining to uninsured motorist coverage, the term "insured" must include "any person who uses the motor vehicle to which the policy applies, with the expressed or implied consent of the named insured." Va. Code Ann.§ 38.2-2206(B) (Michie Supp. 1997). The GEICO insurance policy issued to Presmont also extends uninsured motorist coverage to persons "occupying" the vehicle. J.A. 48 (internal quotation marks & emphasis omitted). The policy defines the term "occupying" as "in or upon or entering into or alighting from" the insured vehicle. Id. (internal quotation marks omitted). After determining that the inquiry of whether Edwards was "using" or "occupying" Presmont's vehicle at the time of the accident presented novel issues of Virginia law, we certified the following two questions to the Supreme Court of Virginia:

> a. Was Edwards, who at the time of the accident was repairing a vehicle parked on the street with the intention of driving it to a service station, "using" the vehicle within the meaning of Code of Virginia Annotated § 38.2-2206(B)?

> b. Was Edwards, who at the time of the accident was changing the tire of a vehicle parked on the street with the intention of driving it to a service station for further repairs, "occupying" the vehicle within the meaning of the GEICO policy definition?

The Supreme Court of Virginia answered the first question in the affirmative and the second in the negative. See Edwards v. Government Employees Ins. Co., ___ S.E.2d #6D 6D6D# (Va. 1998). Accordingly, we must reverse the decision of the district court granting summary judgment in GEICO's favor and remand for further proceedings con-

3

sistent with this opinion.

<u>REVERSED AND REMANDED</u>

4